UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JUSTIN SHERODD DOSS,

        Petitioner,                      Case No.  1:12-CV-1023

v.                                              HON. ROBERT J. JONKER

STEVE RIVARD,

        Respondent.
_____/

**OPINION AND ORDER
RE REPORT AND RECOMMENDATION**

The matter before the Court is the Magistrate Judge's Report and Recommendation (docket no. 25), recommending that the petition for a writ of habeas corpus (docket no. 1) be denied. The Petitioner filed a motion for an extension of time to file objections (docket no. 26), which was granted (docket no. 32). The Petitioner subsequently filed a set of objections to the Magistrate Judge's Report and Recommendation (docket no. 34).

**I.  STANDARD OF REVIEW**

Under the Federal Rules of Civil Procedure, where a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge, the Report and Recommendation itself, and the Petitioner's Objections to Magistrate's Report and Recommendation. After its review, the Court approves and adopts the Magistrate Judge's Report and Recommendation.

This case involves Petitioner Justin Sherodd Doss, who is in the custody of the State of Michigan after a jury found him guilty of armed robbery and related weapons charges. Mr. Doss was involved in an incident involving money and a gun at a private residence in Benton Harbor on February 1, 2009. After receiving a call about the incident, police interviewed witnesses and later arrested Mr. Doss as a suspect. At trial, numerous parties testified that Mr. Doss held a pistol during part of the incident, and left the private residence with a purse in his hands. Some witnesses were reluctant to testify, and the prosecution had to deal with witnesses that had lapses in memory. Testimony and exhibits indicated that Mr. Doss attempted to contact potential witnesses while in jail, and he offered rewards to prevent harmful testimony from making it into court. The jury ultimately found Mr. Doss guilty of armed robbery, being a felon in possession of a firearm, carrying a concealed weapon, assault with a dangerous weapon, two counts of possession of a firearm during the commission of a felony, and two counts of assault with intent to rob while armed. In his *pro se*

petition for habeas corpus relief under 28 U.S.C. § 2254, Mr. Doss alleges that his trial counsel was ineffective at cross-examining witnesses, the prosecution improperly used prejudicial language while questioning a witness, and the trial court erred in scoring offense variables. The Report and Recommendation finds that grounds one and two are without merit and ground three is a non-cognizable state-law claim.

The Report and Recommendation carefully reviews the record and examines the relevant law, and recommends that the petition be denied. The Court finds the Magistrate Judge's Report and Recommendation to be well-reasoned and thorough, and accordingly adopts its conclusion.

## II. PETITIONER'S OBJECTIONS

### A. Objection No. 1: Counsel's Failure to Cross-Examine Key Witnesses

Mr. Doss states that the Magistrate Judge errs by finding that the Petitioner's counsel at trial met the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), specifically in relation to cross examination of witnesses. With regard to witnesses Anthony Brown and Jeremy Scott, the Magistrate Judge cites the analysis of the Michigan Court of Appeals under the *Strickland* standard, and convincingly puts forth why the Petitioner cannot show the requisite prejudice.

In his Objections, Mr. Doss additionally brings up the lack of impeachment of witness Andrea Cole, claiming that cross-examination could have shown that her testimony was "the product of coercion by her friend's (sic) and not an accurate account of the transaction." (Petitioner's Objections, docket no. 34, p. 4) As with the analysis of the other witnesses' testimony by both the Michigan Court of Appeals and the Magistrate Judge, the Court finds that Mr. Doss cannot demonstrate the requisite prejudice from a lack of more extensive cross examination. The cross examination may have been a strategic decision to limit the amount of destructive testimony. The

alleged source of coercion was two phone calls from other people at the incident who apologized to Ms. Cole for their involvement, so Petitioner's counsel may have decided not to elicit testimony about those phone calls in an effort to prevent Mr. Doss from looking like an unrepentant leader of a robbery. The Court finds that counsel's actions were not "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Additionally, the substance of Ms. Cole's testimony was corroborated by other witnesses. Even if counsel's performance was outside the range of competent assistance, the error had no effect on the judgment. *Id.* at 691.

### B.  Objection #2: Prosecutorial Misconduct

Mr. Doss also objects to the Magistrate Judge's finding that the state court had a reasonable interpretation of Supreme Court precedent when denying Mr. Doss relief based on the mis-use of the word "raped" during questioning by the prosecution. The Petitioner disagrees with the Magistrate Judge and adds a misplaced First Amendment argument based on the Free Speech clause, but does not add relevant new argument. The Petitioner again brings up his counsel's failure to object to the questioning. The Court finds the Magistrate Judge's analysis on these issues well-reasoned and adopts it.

### C.  Objection #3: Sentence Scoring Errors as Due Process Violation

Finally, the Petitioner objects to the Magistrate Judge's recommendation to dismiss the third ground in the complaint that alleges errors in sentence scoring. Mr. Doss fails to raise new arguments on this issue, but instead points to a case interpreting the Due Process Clause of the U.S. Constitution and repeats his assertion that his counsel's failure to object to the sentence scoring amounts to ineffective assistance of counsel. The Magistrate Judge provided thorough analysis of

both the appropriate review of a state court holding under § 2254 and how the trial counsel of Mr. Doss met the *Strickland* standard. The Court adopts this analysis.

### III. CERTIFICATE OF APPEALABILITY

Under the Antiterrorism and Effective Death Penalty Act, a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); *see also*, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

## IV. CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket no. 25), is accepted; Mr. Doss's petition for a writ of habeas corpus (docket no. 1) is **DENIED**.

**IT IS SO ORDERED.**

Dated:     September 21, 2015            /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         CHIEF UNITED STATES DISTRICT JUDGE